RMM



UNITED STATES TAX COURT
WASHINGTON, DC 20217

GEORGE B. DENGIN, )
)
    Petitioner, )
)
v. ) Docket No. 5822-17.
)
COMMISSIONER OF INTERNAL REVENUE, )
)
    Respondent )
)

## ORDER

    Pending before the Court is petitioner's Motion For Review Of Jeopardy Assessment Or Jeopardy Levy Pursuant To [Tax Court] Rule 56, filed March 17, 2017. However, as will be discussed below, the Tax Court may not hear and decide petitioner's motion, as exclusive jurisdiction to do so lies with a United States district court under the factual scenario presented by this case. Accordingly, in the interest of justice and pursuant to statutory mandate, as will also be discussed below, the Tax Court will transfer petitioner's motion to the United States District Court for the Central District of California.

Background

    The instant case is an action for redetermination of deficiencies in income taxes, additions to tax for failure to timely file, and accuracy-related penalties for the six taxable (calendar) years 2006 through 2011. See I.R.C. sec. 6213(a); see generally I.R.C. secs. 6211-6216, setting forth the so-called deficiency procedures. The amounts at issue approximate $47 million. The notice of deficiency (see I.R.C. sec. 6212) is dated December 8, 2016, and was addressed and mailed to petitioner (who allegedly has dual United States and Canadian

**SERVED Mar 29 2017**

citizenship) in Vancouver, Canada, where he apparently resides. The petition was filed by counsel (whose office is in Los Angeles) on March 9, 2017, and the envelope in which the petition was mailed to the Court bears a United States Postal Service postmark date of March 8, 2017. Los Angeles has been designated by petitioner as the place of trial. See Tax Court Rule 140. Respondent has not yet filed an answer. See Tax Court Rule 36.

On March 17, 2017, petitioner filed his Motion For Review Of Jeopardy Assessment Or Jeopardy Levy Pursuant To Rule 56 (henceforth, generally, Motion For Review Of Jeopardy Assessment Or Jeopardy Levy), which was accompanied by a supporting memorandum and affidavits from petitioner and from his wife.[1] Attached to petitioner's motion is a Notice Of Jeopardy Assessment And Right Of Appeal dated November 4, 2016, regarding income tax, penalty, and interest for the five taxable (calendar) years 2006 through 2008, 2010, and 2011 in the aggregate amount of some $13 million. The Notice is signed by respondent's Director, Field Operations, International Individual Compliance, Large Business & International. In addition to the jeopardy assessment, it would appear that notices of Federal tax lien (see I.R.C. sec. 6323) for the five years and in the $13 million aggregate amount were filed by respondent in the County Recorder's Office of Santa Barbara County in Santa Barbara, California, with one such notice of Federal tax lien naming petitioner as the taxpayer and the other such notice of Federal tax lien naming a partnership as his nominee.[2]

It would also appear that by letter dated December 5, 2016, petitioner's counsel in Los Angeles sought administrative review by respondent of the jeopardy assessment and the filing of the notices of

---

[1]Petitioner's wife is allegedly a Russian-born Canadian citizen who lives in Vancouver, Canada. She is not a party to the instant case.

[2]According to respondent, petitioner does not own or have an interest in any property in the United States other than in a multi-million dollar house that is held in the name of the partnership as petitioner's nominee and that is located in Santa Barbara, California.

Federal tax lien. See I.R.C. sec. 7429(a). However, by letter dated February 13, 2017, respondent's Appeals Office in Seattle, Washington, sustained the jeopardy assessment and the filing of the notices of Federal tax lien.

## Discussion

Ordinarily, the Commissioner is not authorized to assess a deficiency in income tax without first sending the taxpayer a notice of deficiency and then, if the taxpayer files a petition for redetermination with the Tax Court, only after the Court's decision redetermining the deficiency has become final. See I.R.C. secs. 6211-6216, 7481-7483. However, I.R.C. section 6861 authorizes a jeopardy assessment if the Commissioner "believes that the assessment or collection of a deficiency * * * will be jeopardized by delay".

Section 7429 deals with review of jeopardy assessment and jeopardy levy procedures. Subsection (a) provides for administrative review, and subsection (b) provides for judicial review. As a general rule, section 7429(b)(2)(A) vests the district courts of the United States with exclusive jurisdiction over civil actions for review of jeopardy assessments and levies. However, there is an exception to the general rule applicable to the Tax Court, but the exception applies only if (among other requirements) the commencement of a redetermination action under section 6213(a) in the Tax Court occurs before the making of the jeopardy assessment or levy. Sec. 7429(b)(2)(B).

Section 7429(e)(2) provides that if a civil action for review of a jeopardy assessment or levy is filed with the Tax Court and if the Tax Court "finds that there is want of jurisdiction because of the jurisdiction provisions of subsection (b)(2) [of section 7429], then the Tax Court shall, if such court determines it is in the interest of justice, transfer the civil action to the district court in which the action could have been brought at the time such action was filed." (Emphasis added.) Proper

- 4 -

venue for district court purposes is specified in section 7429(e)(1), which references 28 U.S.C. sec. 1402(a)(1) or (2).

    In the instant case, the Tax Court has redetermination jurisdiction pursuant to I.R.C. section 6213(a) because of the issuance of the notice of deficiency by respondent and the filing of the petition by petitioner. See Tax Court Rule 13(a), (c). However, the Tax Court lacks jurisdiction to conduct the review that I.R.C. section 7429 contemplates, see I.R.C. sec. 7429(b)(3), because the jeopardy assessment in the instant case preceded the commencement of the redetermination action under I.R.C. section 6213(a). See I.R.C. sec. 7429(b)(2)(B). Despite such "want of jurisdiction", the Tax Court has determined that it is in the interest of justice to transfer to the district court so much of the instant case that involves review under I.R.C. section 7429 of the jeopardy assessment that is the focus of petitioner's March 17, 2017 Motion For Review Of Jeopardy Assessment Or Jeopardy Levy. Accordingly, it is hereby

    ORDERED that, pursuant to I.R.C. section 7429(e)(2), so much of the instant case as involves judicial review under I.R.C. section 7429 of petitioner's Motion For Review Of Jeopardy Assessment Or Jeopardy Levy, filed March 17, 2017, is transferred to the United States District Court for the Central District of California for such action as that court may deem appropriate. It is further

    ORDERED that, in addition to regular service of this Order on the parties, the Clerk of the Court shall also serve, by overnight mail or next-day private delivery service, a copy of this Order, together with a copy of petitioner's documents filed March 17, 2017 (i.e., the Motion For Review Of Jeopardy Assessment Or Jeopardy Levy, the Memorandum in support of such motion, and the two Affidavits in support of such motion) on the Honorable Virginia A. Phillips, Chief Judge, United States District Court for the Central District of California, at 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012. It is further

- 5 -

ORDERED that the Clerk of the Court shall also provide same-day electronic notice of the service of this Order to Kiry Gray, Clerk of Court for the United States District Court for the Central District of California, and to her assistant, Cristina Squieri, and shall attach to such same-day notice an electronic copy of this Order (but not the attachments thereto), so as to alert immediately the district court of the transfer provided by this Order and the time constraints imposed by I.R.C. section 7429(b)(3), (c).

**(Signed) L. Paige Marvel**
**Chief Judge**


Dated: Washington, D.C.
      March 29, 2017